CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY L. OLIVER, ) | Civil Action No. 7:09-cv-00004 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| V. GRAY, et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Jerry L. Oliver, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Oliver alleges that the defendants, officials at Green Rock Correctional Center (Green Rock) and at the Virginia Department of Corrections (VDOC), violated his constitutional rights when they did not follow VDOC procedures, did not properly process his administrative grievances, and frustrated his access to the courts. Oliver seeks monetary and equitable relief. After reviewing the complaint, the court finds that this action must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.[1]

I.

Oliver filed grievances following an incident at Green Rock. A guest visited Oliver while he was incarcerated at Green Rock. An alleged stalker followed the guest to Green Rock and gained entrance to the area in the prison where the guest and Oliver met. The guards allegedly permitted the stalker to enter the prison while carrying a knife, jeopardizing Oliver and his guest's safety.

Following these incident, Oliver submitted numerous grievances throughout all levels of

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

the VDOC's administrative grievance process. Oliver first named correctional officers in his grievances for permitting the stalker into the prison with a knife and jeopardizing his safety. Several correctional officers approached Oliver and tried to intimidate him into removing the officers' names from the grievances. Oliver filed grievances describing the intimidation, but VDOC officials failed to remedy the situation. Oliver then filed grievances against staff who were responsible for receiving his grievances for their alleged noncompliance with VDOC grievance procedures. Oliver believes that VDOC officials intentionally blocked access to the grievance process; lost his grievances; re-routed his grievances instead of processing them; refused to accept properly processed complaints; claimed grievances were resolved when they were not; and failed to provide meaningful answers to his grievances. The laundry supervisor at Green Rock also allegedly retaliated against Oliver by refusing to issue him clean underwear and offering him stained clothing. Oliver claims that these actions violated his First, Fifth, and Fourteenth Amendment rights. These alleged violations related only to Oliver filing administrative grievances between March and November 6, 2008. (Compl. 3, Ex. JJ)

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure

2

12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

Oliver cannot pursue claims under § 1983 that officials violated prison regulations. Violations of state law by state officials do not provide a basis for a constitutional claim under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). Furthermore, Oliver's complaint solely consists of allegations that prison officials did not respond promptly or adequately to his grievances. However, inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F. Supp. 8, 9-11 (N.D. Ill. 1982). Moreover, because state grievance

3

procedures are separate and distinct from state and federal legal procedures, correctional staff's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts. Flick, 932 F.2d at 729. Therefore, Oliver has no actionable claim under § 1983 for officials' alleged failure to comply with the prison grievance procedures.

Oliver also alleges that VDOC staff retaliated against him for filing grievances about the stalking incident and the staff's failure to follow grievance procedures. Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams, 40 F.3d at 74. To succeed on his retaliation claim, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. A plaintiff must then demonstrate that he subsequently suffered some adverse impact or actual injury. ACLU ofMd., Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir.1993). The plaintiff must come also forward with specific evidence "establish[ing] that but for the retaliatory motive[,] the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995). However, an inmate must present more than conclusory allegations of retaliation. Adams, 40 F.3d at 74.

Oliver does not allege facts supporting each element of a retaliation claim. First, the alleged motivation behind the retaliatory acts was his use of the grievance procedures naming VDOC staff. Since he has no constitutional right to have or to utilize a prison grievance procedure, his act of pursuing grievances about VDOC staff was not exercise of a constitutional

4

right. Second, he alleges no connection between the supposed acts of retaliation, such as giving him stained clothing, and exercise of any specific constitutional right. Conclusory assertions of a connection are not sufficient to give rise to a § 1983 claim of retaliation. Third, Oliver does not allege that wearing stained underwear chilled his exercise of any constitutional right. As the court is satisfied that Oliver can prove no set of facts consistent with his allegations that would state any claim actionable under § 1983, the court dismisses the complaint, pursuant to § 1915A(b)(1), for failing to state a claim upon which relief can be granted.

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _12th_ day of February, 2009.

/s/ James C. Turk
Senior United States District Judge

5

Case 7:09-cv-00004-JCT-mfu Document 7 Filed 02/12/09 Page 5 of 5 Pageid#: 99